# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARTIN G. IRONS, )
)
       Plaintiff, )
)
v. ) Case No. 10-CV-127-GKF-TLW
)
U.S. POSTAL SERVICE, )
JOHN E. POTTER, Postmaster General, )
)
       Defendants. )

## **OPINION AND ORDER**

Before the court is the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. # 10] of defendants U.S. Postal Service and John E. Potter, Postmaster General.

"Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Here, defendants have facially attacked the sufficiency of the Complaint's allegations as to the existence of subject matter jurisdiction. In addressing a facial attack under Rule 12(b)(1), "the Court must presume all of the allegations contained in the complaint to be true." *Prather v. Hedgecoth*, 2009 WL 3571325, at * 2 (N.D.Okla.) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002)); *see Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). Dismissal is proper where "the complaint fails to allege any basis for subject matter jurisdiction over the claims raised therein." *Harrison v. United States*, 329 Fed.Appx. 179, 181 (10th Cir.2009) (unpublished).

The sole cause of action identified in the Complaint is that the "US Postal Service has

violated the 13th Amendment to the Constitution of the United States." [Dkt. # 1, p. 1]. Plaintiff alleges the violation occurred when he, a postal employee, "was unjustly escorted, while on the clock, from the Federal lands of the US Postal Service." [Dkt. # 1, p. 2].[1]

The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. "The primary purpose of the Amendment was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War, but the Amendment was not limited to that purpose; the phrase 'involuntary servitude' was intended to extend to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." *United States v. Kozminski*, 487 U.S. 931, 942, 108 S.Ct. 2751, 2759 (1988) (internal quotations and citations omitted).

"Involuntary servitude is defined as an action by the master causing the servant to have, or to believe he has, no way to avoid continued service or confinement. When the employee has a choice, even though it is a painful one, there is no involuntary servitude. A showing of compulsion is thus a prerequisite to proof of involuntary servitude." *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990) (quotations and citations omitted); *United States v. Kaufman*, 546 F.3d 1242, 1261 (10th Cir. 2008) ("compulsion of services by the use or threatened use of physical coercion is a necessary incident of a condition of involuntary servitude" (quoting *Kozminski*, 487 U.S. at 952)).

---

[1] In his response brief, plaintiff contends the violation occurred because "he was involuntarily forced into servitude through a breach of contract . . . ." [Dkt. # 11, p. 2, 3]. More specifically, plaintiff contends that "he was mandated to report two hours before tour" in violation of the American Postal Workers Union ("APWU") contract. [*Id.* at p. 2, ¶ 4].

The Complaint falls short of alleging involuntary servitude. Plaintiff does not allege he was required to work without compensation, that he was physically coerced to work, or that his employer took an action causing him to have, or believe he had, no way to avoid continued service or confinement. *Watson*, 909 F.2d at 1552.[2] To the contrary, plaintiff alleges he was removed from his employer's premises, not forced to remain there. In sum, plaintiff alleges no facts implicating the Thirteenth Amendment's prohibition of involuntary servitude, and the conclusory allegation that defendants violated the Thirteenth Amendment is insubstantial and wholly frivolous. *Tilton v. Richardson*, 6 F.3d 683, 685 (10th Cir. 1993) (citing *Bell v. Hood*, 327 U.S. 678, 681-82, 66 S.Ct. 773, 775-76 (1946)); *Olguin v. Lucero*, 87 F.3d 401, 406 (10th Cir. 1996)); *see Pohl v. Countrywide Home Loans, Inc.*, 2008 WL 123879, at * 2 (D.Colo.) (unpublished) (it is appropriate to dismiss for lack of subject matter jurisdiction when the claim of jurisdiction is wholly frivolous). In this case it is appropriate to dismiss for lack of subject matter jurisdiction – there is no indication that plaintiff was deprived of a right protected by the Thirteenth Amendment.[3]

The court notes that Irons has filed a motion [Dkt. # 8] which includes a request to bring additional federal claims: 1) "Violation of Merit Systems Principles" pursuant to 5 U.S.C. § 2301(b)(2)(9)(A) and (B); 2) "Prohibited Personnel Practices" pursuant to 5 U.S.C. § 2302(a)(2)(C)(i) and (b)(8)(A)(i)(ii); and 3) Violation of the Notification and Federal Employees

---

[2] "'[I]n general the defense against oppressive hours, pay, working conditions, or treatment is the right to change employers,' rather than the rights guaranteed by the Thirteenth Amendment against slavery and involuntary servitude." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1225 n. 13 (10th Cir. 2006) (quoting *Pollock v. Williams*, 322 U.S. 4, 17-18, 64 S.Ct. 792 (1944)).

[3] Defendants also argue that there is no direct private right of action under the Thirteenth Amendment. The court need not reach this issue, as plaintiff's claim that defendants violated the Thirteenth Amendment is wholly frivolous.

3

Antidiscrimination and Retaliation Act of 2002 ("No Fear Act"), Public Law 107-174. [Dkt. # 8, pp. 2-3]. Irons does not identify any new defendants or any new factual allegations. The case will be left open to allow defendants to respond to this motion. Defendants are hereby directed to file a response to the motion to amend by May 3, 2010.

WHEREFORE, the Motion to Dismiss [Dkt. # 10] of defendants U.S. Postal Service and John E. Potter, Postmaster General, is granted.

IT IS SO ORDERED this 19th day of April, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

4